UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON WILLIAM REED,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:23-cv-1258

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Jason William Reed ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be dismissed as untimely.

**I.    Background**

On October 13, 2020, a grand jury returned an Indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Reed*, No. 1:20-cr-164 (W.D. Mich.) (ECF No. 1). After Defendant's arrest, attorney James Stevenson Fisher was appointed to represent him. Defendant thereafter retained attorney Louise Johnson to represent him.

Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to the charge set forth in the Indictment. *See* Plea Agreement, *id.* (ECF No. 32). Defendant appeared before the undersigned for his change of plea hearing on February 17, 2021. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 48).

On May 25, 2021, attorney Johnson filed a motion to withdraw as counsel, citing a breakdown in the attorney-client relationship. *See* Mot., *id.* (ECF No. 41). The Court held a hearing regarding the motion on June 1, 2021, and entered an order that same day granting the motion to withdraw. *See* Order, *id.* (ECF No. 45). Attorney Mary Chartier-Mittendorf was then appointed to represent Defendant.

On July 12, 2021, Defendant, through counsel, filed a motion to withdraw his guilty plea. *See* Mot., *id.* (ECF No. 47). In the motion, Defendant argued that prior counsel had inaccurately informed him about his sentencing guideline exposure, and that Defendant relied upon that inaccurate information when deciding to move forward with his plea. *See id.* (ECF No. 47, PageID.152). Defendant also asserted his innocence of the crime. *Id.* (ECF No. 47, PageID.153).

Before the Court could hold a hearing regarding Defendant's motion, attorney Chartier-Mittendorf filed a motion to withdraw as counsel, citing a breakdown in the attorney-client relationship. *See* Mot., *id.* (ECF No. 56). The Court granted that motion after Defendant retained attorney Mark Linton to represent him. *See* Order, *id.* (ECF No. 57). On August 11, 2021, attorney Linton filed a notice that Defendant was withdrawing his motion to withdraw his guilty plea, and the Court dismissed the motion to withdraw the guilty plea. *See* Notice & Order, *id.* (ECF Nos. 60, 61).

On September 2, 2021, Defendant, through counsel, filed a second motion to withdraw his guilty plea. *See* Mot., *id.* (ECF No. 64). This motion was identical to the prior motion to withdraw. The Court addressed Defendant's motion prior to his sentencing on September 3, 2021. *See* Sentencing Tr., *id.* (ECF No. 78). During the hearing, attorney Linton noted that he had advised Defendant that "he [was] under jeopardy of losing acceptance of responsibility based on this new motion." *See id.* (ECF No. 78, PageID.296). After hearing from the government, the Court orally

3

denied Defendant's motion, noting that Defendant's "claim of innocence of this offense is ludicrous, given the entire record here, absolutely and completely ludicrous." *Id.* (ECF No. 78, PageID.298).

Prior to imposing sentence, the Court noted that Defendant was not entitled to a three-point reduction in his offense level for acceptance of responsibility because of his two motions to withdraw his guilty plea. *See id.* (ECF No. 78, PageID.306). Ultimately, the Court sentenced Defendant to 96 months of incarceration, to be followed by 2 years of supervised release. *See* J., *id.* (ECF No. 71).

On October 4, 2021, Defendant, through attorney Linton, filed a notice of appeal. *See* Notice of Appeal, *id.* (ECF No. 73). Defendant also filed a motion for an extension of time to appeal, which the Court granted in an order entered on October 6, 2021. *See* Mot. & Order, *id.* (ECF Nos. 74, 77). However, in an order entered on November 29, 2021, the United States Court of Appeals for the Sixth Circuit dismissed the appeal for want of prosecution because "[p]roper financial arrangements for transcript were not made." *See* 6th Cir. Order, *id.* (ECF No. 79).

On June 14, 2022, Defendant, through attorney Linton, filed a motion for compassionate release due to the risk posed by COVID-19, as well as to allow Defendant to care for his ill mother. *See* Mot., *id.* (ECF No. 80). In an order entered on July 12, 2022, the Court denied Defendant's motion. *See* Order, *id.* (ECF No. 83). Defendant, proceeding *pro se*, subsequently moved for reconsideration, which the Court denied. *See* Mot. & Order, *id.* (ECF Nos. 86, 88). Defendant appealed the denial of his compassionate release motion. The Sixth Circuit affirmed the denial of the motion in an order entered on May 22, 2023. *See* 6th Cir. Order, *id.* (ECF No. 95).

On August 14, 2023, Defendant filed a *pro se* motion to set aside the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* Mot., *id.* (ECF No. 97). In his supporting

4

memorandum, Defendant argued that he recently learned that his direct appeal had been dismissed and that counsel was ineffective for allowing the appeal to be dismissed for lack of prosecution. *See* Memo., *id.* (ECF No. 98). Defendant attached to his memorandum a portion of the government's brief addressing Defendant's appeal from the denial of his compassionate release motion. *See id.* (ECF No. 98-1). In the statement of facts, the government mentioned that Defendant's appeal had been dismissed for want of prosecution. *See id.* (ECF No. 98-1, PageID.406).

In an order entered on August 17, 2023, the Court noted that the rules of civil procedure were inapplicable to Defendant's case and construed Defendant's motion as a motion to reopen the appeal period pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *See* Order, *id.* (ECF No. 99, PageID.409). The Court denied Defendant's motion, noting that because his direct appeal was dismissed for want of prosecution, the Court did not have the authority to reopen the appeal period. *Id.*

On October 17, 2023, Defendant, proceeding *pro se*, filed a motion to file an out-of-time § 2255 motion. *See* Mot., *id.* (ECF No. 104). In an order entered on October 19, 2023, the Court denied Defendant's motion, noting that the Court had no authority to grant an extension of time before a § 2255 motion is filed. *See* Order, *id.* (ECF No. 105).

Defendant filed his § 2255 motion (ECF No. 1) and memorandum in support thereof (ECF No. 2) on November 29, 2023. In an order (ECF No. 4) entered on December 11, 2023, the Court directed the government to file a response to the motion. Thereafter, the government filed a motion to strike Defendant's unsigned § 2255 motion. (ECF No. 6.) The Court entered a conditional order striking Defendant's § 2255 motion unless Defendant returned a signature page within 21 days. (ECF No. 7.) The Court received Defendant's signature page (ECF No. 9) on February 5, 2024.

5

Two days later, the Court denied the government's motion to strike. (ECF No. 10.) The government filed its response (ECF No. 11) on February 26, 2024, and Defendant filed his reply (ECF No. 12) on March 15, 2024.

**II.    Analysis**

    **A.    Legal Standards**

        **1.    Section 2255 Proceedings in General**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

6

### 2.     Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

### 3.     Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

7

**B.     Discussion**

Defendant raises one ground for relief in his § 2255 motion. Specifically, Defendant faults attorney Linton for failing to file an appeal. (ECF No. 2, PageID.14.) Defendant asserts that he wanted to appeal the denial of the three-point reduction for acceptance of responsibility. (*Id.*) According to Defendant, he only discovered that a notice of appeal had been filed by counsel when he filed a motion for compassionate release. (*Id.*) According to Defendant, "lodged within the statement of facts was that the appeal was 'dismissed for want of prosecution.'" (*Id.*) Defendant suggests that counsel's actions "amount[] to abandonment." (*Id.*, PageID.15.)

In its response, the government contends that Defendant's § 2255 motion is untimely and that this Court lacks jurisdiction to reinstate Defendant's direct appeal. (ECF No. 11.) With respect to timeliness, the government argues that Defendant did not address timeliness in his § 2255 motion, and, therefore, "should be ordered to show cause why his motion should not be dismissed as untimely." (*Id.*, PageID.58.)

The Supreme Court has directed district courts to give fair notice and an adequate opportunity to be heard before dismissal of a § 2255 motion on statute of limitations grounds. *See Day v. McDonough,* 547 U.S. 198, 209 (2006); *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). Generally, however, this Court directs a defendant to show cause why his or her § 2255 motion should not be dismissed as untimely when the Court *sua sponte* raises the question of timeliness because timeliness, like procedural default, is an affirmative defense. *See Cradler v. Untied States*, 891 F.3d 659, 666 (6th Cir. 2018) (citing *Jones v. United States*, 689 F.3d 621 624 n.1 (6th Cir. 2012)). Here, the Court concludes that the government's response (ECF No. 11) gave Defendant fair notice that his § 2255 motion could be dismissed as untimely. Moreover, in its order (ECF No. 4) directing the government to file a response, the Court explicitly noted that Defendant could submit a reply to that response. Accordingly, the Court concludes that Defendant has

8

received fair notice and an adequate opportunity to be heard regarding the question of timeliness, and the Court will consider the issue of timeliness below.

Under § 2255(f), a one-year limitations period applies to § 2255 motions, and that period starts to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted above, Defendant appealed his conviction and sentence to the Sixth Circuit, but the Sixth Circuit dismissed his appeal for want of prosecution on November 29, 2021. Thus, for purposes of § 2255(f)(1), Defendant's judgment of conviction became final "upon the expiration of the 90-day period in which [he] could have petitioned for certiorari to the Supreme Court." *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)); *see also Del Bosque v. United States*, 169 F. App'x 934, 935 (6th Cir. 2006) (giving the defendant the benefit of the 90-day period for seeking certiorari when the defendant's direct appeal was dismissed for want of prosecution). The 90-day period expired on Monday, February 28, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Thus, Defendant had one year from February 28, 2022, or until February 28, 2023, to file a timely § 2255 motion.

9

Defendant did not date his § 2255 motion and his memorandum in support thereof. Sixth Circuit precedent holds that the date a prisoner signs a document is deemed to be the date that the prisoner handed it to officials for mailing to the Court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The motion is then deemed filed as of that date. *See Brand*, 526 F.3d at 925. A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016).

Here, the envelope in which Defendant mailed his § 2255 motion and memorandum is postmarked as of November 22, 2023. (ECF No. 1, PageID.7; ECF No. 2, PageID.21.) The Court, therefore, deems November 22, 2023, to be the date on which Defendant filed his § 2255 motion. Nevertheless, Defendant's § 2255 motion is untimely by approximately 9 months under § 2255(f)(1).

Defendant provides no basis for why § 2255(f)(2)–(3) would apply to render his § 2255 motion timely filed. Defendant suggests that he only discovered that his appeal was not pursued and instead was dismissed for want of prosecution during proceedings on his motion for compassionate release. (ECF No. 2, PageID.14.) As noted *supra*, in his motion to set aside judgment filed on August 14, 2023, Defendant attached a portion of the government's brief addressing Defendant's appeal from the denial of his compassionate release motion. *See* Memo., *United States v. Reed*, No. 1:20-cr-164 (W.D. Mich.) (ECF No. 98-1). In the statement of facts, the government mentioned that Defendant's appeal had been dismissed for want of prosecution. *See id.* (ECF No. 98-1, PageID.406). The Court, therefore, will consider whether Defendant is entitled to belated commencement of the limitations period under § 2255(f)(4).

Section 2255(f)(4) provides that the limitations period begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This standard "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (internal quotation marks omitted) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). Moreover, the question is "not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Rucker v. Genovese*, 834 F. App'x 126, 127 (6th Cir. 2020). The burden of demonstrating due diligence falls on the petitioner. *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting *DiCenzi*, 452 F.3d at 471).

Upon consideration of the record before it, the Court concludes that Defendant has not met his burden of demonstrating due diligence to support belated commencement of the limitations period under § 2255(f)(4). Defendant's direct appeal was dismissed for want of prosecution on November 29, 2021. That dismissal became a "matter of public record, which reasonable diligence could have unearthed" before the expiration of Defendant's limitations period. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). The Sixth Circuit has noted that even if counsel is prosecuting an appeal on a defendant's behalf, the defendant still has a "duty to monitor the status of his appeal." *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001).

Here, Defendant has not provided any information regarding what steps, if any, he took to monitor the status of his appeal. As noted above, attorney Linton filed a motion for compassionate release on Defendant's behalf on June 14, 2022, more than 7 months after the direct appeal had been dismissed and more than 8 months before Defendant's limitations period for filing a § 2255 motion expired. A review of the brief attorney Linton filed in support of the motion for

11

compassionate release contains no mention of any direct appeal. Given Defendant's arguments in support of compassionate release—his vulnerability to contracting COVID-19 and the need for him to care for his ailing mother—Defendant certainly worked with attorney Linton during the preparation of the motion for compassionate release. That time period would have provided a perfect opportunity for Defendant to inquire about the status of his appeal. Defendant, however, provides no information suggesting that he did so.

Defendant's failure to check on the status of his appeal simply does not equate with the due diligence necessary to be entitled to belated commencement of the limitations period under § 2255(f)(4). *See, e.g.*, *United States v. Martinez*, 596 F. App'x 333, 335 (5th Cir. 2015) (concluding that the defendant was not entitled to belated commencement under § 2254(f)(4) because he did not act diligently regarding the status of his appeal, despite counsel's misrepresentation that the appeal was still pending); *Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) (concluding that the defendant did not act diligently by waiting an entire year to contact his attorney regarding the status of his appeal). Although Defendant suggests that he was abandoned by counsel during the direct appeal, "attorney abandonment . . . does not, by itself, excuse [a] petitioner from his duty of diligence." *Manning v. Epps*, 688 F.3d 177, 184 n .2 (5th Cir. 2012). Moreover, "[c]omplete inactivity in the face of no communication from counsel does not constitute diligence." *United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017) (quoting *Manning*, 688 F.3d at 186). Here, Defendant suggests only attorney abandonment and not diligence in the face of that abandonment. The fact supporting Defendant's claim—that his direct appeal had been dismissed for want of prosecution on November 29, 2021—could have been discovered well before January 25, 2023, the date on which the government filed its brief regarding Defendant's appeal the denial of his motion for compassionate release. In light of the foregoing, the Court

concludes that Defendant is not entitled to belated commencement of the limitations period under § 2255(f)(4).

The one-year limitations period applicable to § 2255 motions may be equitably tolled. *See United States v. Asakevich*, 801 F.3d 418, 420–21 (6th Cir. 2016). Equitable tolling, however, is applied "sparingly and 'only if two requirements are met.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). To be entitled to equitable tolling, a movant must show that his diligently pursued his rights, and he must show that some extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). The Supreme Court has explained that the diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).

In *Rodriguez*, the Fifth Circuit found "no reason to differentiate equitable tolling from diligence under § 2255(f)(4)." *Rodriguez*, 858 F.3d at 963 n.4; *see also Badillo v. United States*, No. 2:11-cv-354, 2013 WL 2297172, at *4 (M.D. Ala. Apr. 30, 2013) ("Suffice it to say, however, that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [the defendant] from availing himself of the benefits of equitable tolling."). As discussed *supra*, Defendant has not demonstrated that he diligently pursued his rights. Moreover, Defendant has not cited any extraordinary circumstances that prevented him from timely filing his § 2255 motion. The Court concludes, therefore, that Defendant is not entitled to equitable tolling of the limitations period.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S.

13

298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). The showing must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Actual innocence, however, "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Here, Defendant provides no new evidence of actual innocence. Instead, Defendant asserts that counsel was ineffective for failing to prosecute his direct appeal so that Defendant could challenge the denial of the three-point reduction for acceptance of responsibility. Thus, because Defendant does not provide any evidence to meet the standard under *Schlup*, actual innocence does not apply to excuse Defendant's untimely filing.

In sum, Defendant's § 2255 motion is untimely under § 2255(f)(1). Moreover, Defendant has not demonstrated entitlement to belated commencement of the limitations period under § 2255(f)(4), equitable tolling, or excusing the limitations period because of actual innocence. Furthermore, because Defendant's motion is untimely, there is no need for the Court to conduct an evidentiary hearing.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard.

Under *Slack*, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable that Defendant's § 2255 motion is untimely. Therefore, a certificate of appealability will be denied. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### IV.  Conclusion

For the foregoing reasons, the Court will dismiss Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DISMISSED AS UNTIMELY**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   November 15, 2024                             /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge